# In the United States Court of Federal Claims

TIMMY LYNN DUKE,

                *Plaintiff,*

v.

THE UNITED STATES,

                *Defendant.*

No. 24-581T
(Filed October 25, 2024)

Timmy Lynn Duke, Iowa Park, TX, pro se.

Anthony M. Cognasi, Tax Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
Granting the Government's Motion to Dismiss and
Denying Mr. Duke's Motion for an Out-of-Court Settlement, Motions for Discovery,
Motion for a Jury Trial, and Motion Seeking Case Status

**SILFEN,** *Judge*.

      Timmy Lynn Duke filed a complaint in this court seeking a refund of his 2018 and 2019 federal income taxes, penalties against the IRS, and associated attorney's fees and costs. The government moves to dismiss Mr. Duke's complaint for lack of subject-matter jurisdiction and for failure to state a claim, arguing principally that he did not file an administrative claim with the IRS, which is required before he can file suit in this court. Because Mr. Duke concedes that he received his refund for the 2019 tax year and because Mr. Duke did not properly file a 2018 tax refund claim with the IRS before filing this suit, this court lacks jurisdiction over his complaint, and the complaint fails to state a claim. The court **grants** the government's motion to dismiss and

1

**dismisses** Mr. Duke's complaint. The court **denies** Mr. Duke's motion for an out-of-court settlement, his two motions for discovery, his motion for a jury trial, and his motion seeking case status.

I.     **Background**

In March 2022, Mr. Duke filed tax returns for 2018 and 2019. ECF No. 11 at 2; *see also* ECF No. 20 at 2-3.

For tax year 2019, Mr. Duke filed a Form 1040 stating that he overpaid $724 in federal income taxes. ECF No. 11 at 2. Mr. Duke received a tax refund for all but $131 of that amount. ECF No. 20-2 at 91. After Mr. Duke filed suit in tax court (*id.* at 106-12), the IRS paid Mr. Duke the remainder of his 2019 income tax refund plus interest. ECF No. 11 at 4.

For tax year 2018, Mr. Duke filed a Form 1040, reporting a social security tax withholding of $25 and zero withheld federal income tax. ECF No. 20-2 at 7, 13. Mr. Duke did not request a refund. *Id.* at 13. In June 2022, Mr. Duke sent a letter notifying the IRS of his intent to amend his original 2018 tax form and to request a refund of $88. *Id.* at 7, 57. Mr. Duke stated that because he "really didn't know how to properly fill-out the 1040 forms," he had miscalculated his taxes for 2018 on his original form. *Id.* at 57. IRS records state that the IRS received an amended return from Mr. Duke around the same time, but that the amended filing was a duplicate of the original filing, requesting no refund. *Id.* at 7, 33-34. The IRS is unable to locate a copy of that amended 2018 tax return filing (ECF No. 20 at 3 n.4), and Mr. Duke has not provided it either.

Mr. Duke sent several letters to the IRS about a 2018 tax refund. ECF No. 20-2 at 35-99 (asking whether someone else filed in Mr. Duke's name, reporting a change of address, requesting a copy of Mr. Duke's W-2 forms, etc.). After Mr. Duke's June 2022 letter requesting a refund of $88 (*id.* at 57-58), Mr. Duke sent a letter in May 2023 notifying the IRS that he sought a refund of "$25 plus interest [he] paid in … federal income tax for the 2018 tax year" (*id.* at 90). Mr. Duke

stated that he had overpaid federal income taxes (*id.*), but his original return lists $25 as a social security tax withholding (*id.* at 13).

In June 2023, Mr. Duke filed suit in tax court seeking a refund for his 2018 and 2019 taxes. *Duke v. Commissioner*, No. 10041-23, Dkt. No. 1 (T.C. June 15, 2023); *see also* ECF No. 20-2 at 101-12. The court dismissed Mr. Duke's case for lack of subject-matter jurisdiction because the IRS had not issued any decision on his tax refund claims, and the IRS had to issue a decision before Mr. Duke could file a suit in tax court. *Duke v. Commissioner*, No. 10041-23, Dkt. No. 1 (T.C. June 15, 2023); ECF No. 20-2 at 114-16.

On March 11, 2024, Mr. Duke, representing himself, filed another suit seeking a tax refund of $25 plus interest, or $47.50 total, for tax year 2018 and seeking $724 for tax year 2019. ECF No. 11.[1] Mr. Duke asserts that he "never did receive his 2018 tax refund" and that although he eventually received the full refund amount for 2019, the IRS initially, improperly, withheld $131.00 of that refund. *Id.* at 1, 3-4. Mr. Duke seeks $1,200 in penalties against the IRS and $2,400 in litigation fees and costs for the IRS's allegedly improper conduct. *Id.* at 5.

## II.  Discussion

The government moves to dismiss Mr. Duke's complaint. ECF No. 20. The government argues that the court lacks jurisdiction to hear Mr. Duke's 2018 tax refund claim because he did not first file an administrative claim with the IRS. *Id.* at 6-8; *see* 26 U.S.C. § 7422(a); *see also* 26 C.F.R. § 301.6402-3(a)(1)-(4). According to the government, although Mr. Duke argues that he is seeking a federal income tax refund, Mr. Duke appears to actually be seeking a social security tax

---

[1] Mr. Duke's initial complaint was addressed to this court but was erroneously sent to the U.S. District Court for the Northern District of Texas. ECF No. 5 at 1. His case was transferred to this court (ECF Nos. 6, 7) and the Clerk of the Court refiled his initial complaint as the transfer complaint (ECF No. 10). Thus, Mr. Duke's transfer complaint (ECF No. 11) is his pending complaint.

refund. ECF No. 20 at 6-7. The government argues that Mr. Duke failed to file either a formal or informal claim for a social security tax refund. *Id.* at 6-8. The government also argues that the court does not have the authority to levy penalties on the IRS. *Id.* at 8-9. And the government argues that because self-represented plaintiffs are not entitled to attorney's fees and because litigation costs and fees are not awarded until after a party has won a case, Mr. Duke fails to state a claim for attorney's fees and litigation costs. *Id.* at 9-10 (citing 26 U.S.C. § 7430(c)(1)(B)(iii)).

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United States founded … upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The Tucker Act waives sovereign immunity for lawsuits seeking tax refunds, but only when the plaintiff satisfies the tax code's prerequisites. *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4-5, 8-9 (2008). Before filing in this court, the taxpayer must first seek a refund from the IRS. 26 U.S.C. § 7422(a). The tax code states,

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

*Id.*

The administrative filing requirement of section 7422(a) is a jurisdictional limitation, meaning that this court does not have the authority to hear a tax refund case if the petitioner has not first satisfied that requirement. *Brown v. United States*, 22 F.4th 1008, 1011 (Fed. Cir. 2022). Under *United States v. Dalm*, 494 U.S. 596, 609-10 (1990), filing is a jurisdictional requirement, while the adequacy of that filing is a claims-processing requirement. *Brown*, 22 F.4th at 1011; *see Vensure HR, Inc. v. United States*, --- F.4th ---, No. 23-1640, 2024 WL 4399384, at *4-6 (Fed. Cir. Oct. 4, 2024).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). The court must generally "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff" when determining if subject-matter jurisdiction exists. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). Regardless, pro se plaintiffs still have the burden to establish the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

In a tax refund case against the United States, only "the prevailing party may be awarded … reasonable litigation costs incurred in connection with [a] court proceeding." 26 U.S.C. § 7340.

The prevailing party is the party that "has substantially prevailed with respect to the amount in controversy, or has substantially prevailed with respect to the most significant issue or set of issues presented." *Id.* §§ 7430(c)(4)(A)(i)-(ii).

### A.     This court lacks jurisdiction over Mr. Duke's 2018 tax refund claim

This court lacks jurisdiction to hear Mr. Duke's 2018 tax refund claim because Mr. Duke did not file a formal administrative refund claim before filing suit in this court. Before Mr. Duke can file a complaint for the overpayment of federal income taxes in this court, the tax code requires him to have either originally requested a refund on his Form 1040 for that tax year or to have later filed an amended individual income tax return (Form 1040X) requesting the refund. 26 C.F.R. §§ 301.6402-3(a)(1)-(2).

Mr. Duke initially filed a Form 1040 for tax year 2018 in March 2022 and did not request a refund. ECF No. 20-2 at 7, 13, 22. In June 2022 Mr. Duke mailed a letter to the IRS requesting a refund of his 2018 taxes (*id.* at 57), but that letter was not an amended tax return form. Mr. Duke alleges that around the same time he filed an amended return that was different from his initial Form 1040 (*id.* at 57, 59), but he has not produced a copy of that return. IRS records show that the agency received an amended return form from Mr. Duke but that it was a duplicate of the initial form. The IRS has not produced a copy of the amended tax return. ECF No. 20 at 3 n.4. Mr. Duke does not argue that the amended return corresponds to his current refund request; he argues that for 2018 he is currently requesting a $25 refund (ECF No. 23 at 2), not the $88 refund he noted in letters to the IRS that may have corresponded to his amended Form 1040 (ECF No. 20-2 at 57, 59).

As an initial matter, there is a strong presumption that the IRS records are correct, and it is the taxpayer's burden to overcome that presumption. *See United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242-43 (2002); *Thomas v. United States*, 56 Fed. Cl. 112, 121, 123 (2003). When neither

6

the taxpayer nor the IRS has the original form, the court accepts the IRS's administrative record as accurate. *Harris v. United States*, 44 Fed. Cl. 678, 682 (1999), *aff'd*, 232 F.3d 912 (Table) (Fed. Cir. 2000) (explaining that, because neither the taxpayer nor the IRS had original amended tax forms, the taxpayer could not rebut the accuracy of IRS files with purported copies). Thus, the court accepts that Mr. Duke's amended form was a duplicate; neither of Mr. Duke's Form 1040 filings requests a federal income tax refund. Thus, Mr. Duke's Form 1040 filings do not constitute formal refund requests.

A plaintiff who has not first filed a formal refund request may still satisfy the tax code's preconditions to suit in this court if the plaintiff files a valid informal refund request. *Computervision Corp. v. United States*, 445 F.3d 1355, 1363-65 (Fed. Cir. 2006); *see Ebert v. United States*, 66 Fed. Cl. 287, 290-91 (2005) (finding that a pro se taxpayer's letters to the IRS qualified as an informal refund request because the written correspondence specified the tax years at issue, requested a refund, and notified the IRS of the bases for her claimed refund). Even though Mr. Duke's letters in June 2022 and May 2023 may have satisfied the requirements for an informal claim (*see* 26 U.S.C. § 6511(a)), Mr. Duke was then required to "perfect" the refund request before this court could exercise jurisdiction. *See United States v. Kales*, 314 U.S. 186, 196-97 (1941). "Perfecting" a claim means that the taxpayer must eventually comply with the formal refund requirements, like submitting a valid Form 1040X to request an income tax refund. *See id.* at 192-94.

Mr. Duke never perfected his claim by filing the necessary forms at the IRS before bringing suit in this court. *See generally* ECF No. 11; ECF No. 22. Thus, he did not satisfy the tax code's requirements—either formally or informally—and this court does not have the authority to hear Mr. Duke's income tax refund claims. *See Clintwood*, 553 U.S. at 4; *Crismon v. United States*, 550

F.2d 1205, 1206 (9th Cir. 1977) (holding that the taxpayer's failure to file a Form 843 within the statutory period meant that the claim was not "duly filed," and the court did not have jurisdiction).[2]

Notably, Mr. Duke appears to request a refund of social security tax, not a refund of federal income tax. ECF No. 20-2 at 13, 22 (reporting Mr. Duke's taxable social security benefits as $25.00). Understood that way, this court lacks jurisdiction because Mr. Duke did not file a formal administrative claim for a social security tax refund. To seek a refund of social security tax, a taxpayer must file a Form 843. 26 C.F.R. § 301.6402-2(c) ("All claims by taxpayers for the refund of taxes, interest, penalties, and additions to tax that are not otherwise provided for must be made on Form 843, Claim for Refund and Request for Abatement." (marks omitted)); IRS, *Instructions for Form 843 (12/2021)*, https://www.irs.gov/instructions/i843#en_US_202112_publink 100019025 (explaining that a taxpayer should "[u]se Form 843 to claim or request … [a] refund … of social security … taxes that were withheld in error"). Mr. Duke does not allege that he filed a Form 843. *See generally* ECF No. 11, ECF No. 20-2 at 6-8, 32-34.

Mr. Duke therefore did not file a formal administrative claim for a refund of his social security tax. *Rische v. United States*, No. 2:20-CV-00033-BAT, 2021 WL 2856598 (W.D. Wash. July 8, 2021), *aff'd*, No. 21-35655, 2022 WL 17176494 (9th Cir. Nov. 23, 2022); *see also Crismon*, 550 F.2d at 1206; *Bartley v. United States*, 123 F.3d 466, 468 (7th Cir. 1997). Because Mr. Duke never filed a formal administrative claim, this court does not have jurisdiction to hear Mr. Duke's social security tax refund claim.

---

[2] In the alternative, to the extent that the requirement to follow up an informal request with a formal request is considered a claims-processing requirement rather than a statutory requirement under the tax code (*see generally Brown*, 22 F.4th at 1011), Mr. Duke's failure to file a formal request means that his complaint fails to state a claim under this court's rule 12(b)(6).

In sum, regardless of whether Mr. Duke seeks a refund of income tax or social security tax, he has not filed a formal claim; to the extent that he may have filed an informal claim, his failure to perfect that claim means that this court lacks jurisdiction over his request for a refund for tax year 2018.

### B.  Mr. Duke's complaint fails to state a claim for tax year 2019

For tax year 2019, although Mr. Duke's complaint mentions an alleged overpayment (ECF No. 11 at 2), he explains that he has received a refund for all of that overpayment, plus interest (*id.* at 3-4; *see* ECF No. 20-2 at 91). Because Mr. Duke has received compensation for all of the taxes he alleges the IRS owed him, his complaint fails to state a claim for tax year 2019. *Lyashenko v. United States*, 41 Fed. Cl. 626, 630 (1998) ("plaintiff has received the full refund [from the IRS] that he seeks in the instant case, and thus he no longer has a claim over which this Court could assert jurisdiction."); *see Jarrett v. United States*, 79 F.4th 675, 677, 684 (6th Cir. 2023) (affirming the dismissal of a taxpayer's federal income tax refund claim after the IRS refunded the amount).

### C.  This court lacks jurisdiction to issue penalties against the IRS

Mr. Duke seeks additional damages for alleged mistreatment by the IRS, which he alleges took his money and refused to refund it. ECF No. 11 at 4.[3] This court does not have the authority to grant those damages. *See Brooks v. United States*, 825 F. App'x 745, 749 (Fed. Cir. 2020) ("A claim for damages in connection with any collection of Federal tax with respect to a taxpayer must be brought in a United States District Court." (quotation marks omitted)). Alternatively, the court could construe the complaint as alleging that the IRS improperly withheld more taxes (ECF No.

---

[3] Mr. Duke argues that the IRS seeks to wrongfully apply his 2018 and 2019 tax returns to his covid-19 pandemic stimulus funds. ECF No. 11 at 2; *see* ECF No. 30 at 6. He states that the IRS was "going to apply both refunds to the government stimulus money [he] received." ECF No. 11 at 2. Those funds, first provided in March 2020, could not apply to the 2018 or 2019 tax years.

9

11 at 2-3). *See Fry v. United States*, 72 Fed. Cl. 500, 510 (2006) (categorizing "an illegal exaction claim … alleging that taxes have been improperly collected or withheld by the Government for which the remedy is a refund" as a tax refund claim); *City of Alexandria v. United States*, 737 F.2d 1022, 1028 (Fed. Cir. 1984). In that case the court lacks jurisdiction for the same reasons discussed above.

### D. Mr. Duke cannot receive attorney's fees or litigation costs

The court cannot award Mr. Duke the litigation costs and attorney's fees he requests. Under 26 U.S.C. § 7430(a), only a "prevailing party may be awarded" attorney's fees or litigation costs. The determination regarding "a prevailing party shall be made by agreement of the parties or (i) in the case where the final determination with respect to the tax, interest, or penalty is made at the administrative level, by the Internal Revenue Service, or (ii) in the case where such final determination is made by a court, the court." *Id.* § 7430(c)(4)(C). As explained above, the court does not have jurisdiction over Mr. Duke's tax refund claim and must dismiss his case. Because he has not won his case, Mr. Duke is not a "prevailing party," and the court cannot reimburse him for litigation costs or fees. *Betz v. United States*, 40 Fed. Cl. 286, 297 (1998); *see Sharp v. United States*, 20 F.3d 1153, 1154 (Fed. Cir. 1994).

### E. Mr. Duke's additional motions do not warrant relief

Following his complaint, Mr. Duke filed four motions: a motion for settlement (ECF No. 12), a motion requesting discovery and a jury trial (ECF No. 22), a second motion for discovery (ECF No. 26), and a motion seeking case status (ECF No. 27). In his motion for case status, Mr. Duke reiterates his request for a jury trial and requests that the court appoint him counsel. ECF No. 27. The government responded to Mr. Duke's motions for discovery and his motion seeking case status. ECF Nos. 24, 28.

Because this court lacks the authority to hear Mr. Duke's case, the court denies Mr. Duke's motion for settlement (ECF No. 12), his motion for discovery and jury trial (ECF No. 22), his second motion for discovery (ECF No. 26), and his motion seeking case status (ECF No. 27).

### III. Conclusion

For the reasons stated above, this court **grants** the government's motion to dismiss and **dismisses** Mr. Duke's complaint. The court **denies** Mr. Duke's motion for out-of-court settlement, both of his motions for discovery, his motion for a jury trial, and his motion seeking case status. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

 s/ Molly R. Silfen
MOLLY R. SILFEN
Judge